**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00692-SRC |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the application of self-represented plaintiff Clint Phillips, III, to proceed in the district court without prepayment of fees and costs.  Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee and grants the motion.  Additionally, for the following reasons, the Court dismisses this action pursuant to 28 U.S.C.§ 1915(e)(2)(B) for lack of jurisdiction.

**Legal Standard on Initial Review**

Prior to service of process on defendant, this Court must review a complaint filed without payment of the filing fee and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed his complaint on June 14, 2021, using the Court's form civil complaint.  Doc. 1.  In the caption, he identifies the defendant only as the United States, *Id.* at 1; however, in section I.B., he identifies the defendant as the United States Attorney General.  *Id*. at 2.  Plaintiff states the jurisdictional basis for his lawsuit is a federal question, namely, violations of his rights

to due process of law as provided by the Fifth and Fourteenth Amendments of the U.S.

Constitution. *Id*. at 3.

> Plaintiff states his claim, in full, as follows:

> On February 19, 2021 my due process rights were violated by the VA because it took them over 18 mo., 679 days and counting to answer my appeal see Godfrey v. Wilkie.

> I filed this appeal in Aug 2019 via the St. Louis regional office and through the DAV.

> This department has due process protection guidelines in place and when these protections are not followed creates a due process violation.

> My hearing has been scheduled for 8-16-21 almost 6 months past 18 mo.

*Id*. at 6.

In his request for relief, plaintiff states that he is seeking $8.4 million "because the VA took over

18 months to answer my [appeal]." *Id*. at 7. Plaintiff also seeks summary judgment in this

action, as well as an appointment of a guardian ad litem. *Id*. at 6.

## Plaintiff's Litigation History in This Court

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. The instant

action is one of thirty-five civil actions he has filed to date in this Court since 2010.[1] One case is

---

[1] *See Phillips v. Wooderson,* No. 4:10-cv-2038 FRB (E.D. Mo.); *Phillips v. City of St. Louis,* No. 4:11-cv-791 CEJ (E.D. Mo.); *Phillips v. Wood,* No. 4:13-cv-412 ERW (E.D. Mo.); *Phillips v. Geiger*, No. 4:13-cv-529 HEA (E.D. Mo.); *Phillips v. Buzz Westfall Justice Ctr.*, No. 4:13-cv-734 TIA (E.D. Mo.); *Phillips v. Murray*, No. 4:13-cv-795 FRB (E.D. Mo.); *Phillips v. Wood*, No. 4:13-cv-973 ERW (E.D. Mo.); *Phillips v. Christian Hosp. Ne.*, No. 4:13-cv-1018 CAS (E.D. Mo.); *Phillips v Murray*, No. 4:13-cv-1438 FRB (E.D. Mo.); *Phillips v Williams*, No. 4:14-cv-314 CDP (E.D. Mo.); *Phillips v. Murray,* No. 4:14-cv-315 JCH (E.D. Mo.); *Phillips v. United States*, No. 4:14-cv-316 RWS (E.D. Mo.); *Phillips v. Murray*, No. 4:14-cv-1916 ERW (E.D. Mo.); *Phillips v. City of St. Louis*, No. 4:14-cv-2044 CEJ (E.D. Mo.); *Phillips v. Blanks*, No 4:15-cv-485 CAS (E.D. Mo.); *Phillips v. Mo. Dep't of Soc. Servs.*, 4:16-cv-1146 RLW (E.D. Mo.); *Phillips v. Grean*, No. 4:16-cv-1234 JCH (E.D. Mo.); *Phillips v. Mo. Dep't of Soc. Servs.*, No. 4:16-cv-1235 AGF (E.D. Mo.); *Phillips v. Loiterstein,* No. 4:16-cv-1236 AGF (E.D. Mo.); *Phillips v. Unknown Dir. of Corr. of St. Louis Cty. Jail*, No. 4:16-cv-1696 SNLJ (E.D. Mo.); *Phillips v. Dunn*, No. 4:16-cv-1698 RWS (E.D. Mo.); *Phillips v. United States*, No. 4:18-cv-611 JCH (E.D. Mo.); *Phillips v. Unknown St. Louis City Police Officers*, 4:17-cv-1589 JMB (E.D. Mo.); *Phillips v. Carpenter*, 4:17-cv-1592 SNLJ (E.D. Mo.); *Phillips v. Two Unknown St. Louis City Police Officers,* 4:19-cv-2142 CAS (E.D. Mo.); *Phillips v. Three Unknown St. Louis City Police Officers*, 4:19-cv-2922 RLW (E.D. Mo.); *Phillips v. Romeo,* 4:17-cv-1636

still awaiting review pursuant to 28 U.S.C. § 1915. *See Phillips v. Akbar,* 4:21-cv-909 NCC

(E.D. Mo.).  Of the rest of the thirty-three cases brought in this District Court by plaintiff, one

case is waiting on plaintiff to show cause why it should not be dismissed, one case was stricken

pursuant to Federal Rule of Civil Procedure 11, two cases were dismissed pursuant to Federal

Rule of Civil Procedure 41(b), and twenty-nine cases were dismissed on preservice review

pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging defendant United States

violated his constitutional rights to due process under the Fifth and Fourteenth Amendments.

Specifically, he alleges the Department of Veterans Affairs ("VA") has taken more than 679

days to answer plaintiff's appeal.  Although plaintiff's allegations are unclear, it appears he

appealed a denial of his Disabled American Veterans ("DAV") benefits.  Because the Court

lacks subject matter jurisdiction over plaintiff's lawsuit, the Court dismisses the suit.

A federal court's jurisdiction to hear disputes involving veterans' benefits is limited.  *See*

38 U.S.C. § 511.  The Veterans Judicial Review Act of 1988 ("VJRA") created a specific

appellate-review mechanism.  *See* 38 U.S.C. § 7104.  First, the secretary of the VA issues a

decision on a veteran's claim for relief.  The veteran may appeal the initial decision of the

secretary to the Board of Veterans' Appeals.  *Id.*  The Board's decision is the final decision of

the secretary.  38 U.S.C. § 7104.  To obtain judicial review, the veteran must file a notice of

appeal.  38 U.S.C. § 7266(a).  The Court of Appeals for Veterans Claims has exclusive

jurisdiction to review the decisions of the Board of Veterans' Appeals.  38 U.S.C. § 7252(a).

---

NAB (E.D. Mo.); *Phillips v. St. Louis City Police Officers*, 4:17-cv-1637 HEA (E.D. Mo.); *Phillips v. City of St. Louis*, 4:18-cv-1183 JAR (E.D. Mo.); *Phillips v. St. Louis Comm. Credit Union*, 4:20-cv-1275 MTS (E.D. Mo.); *Phillips v. Mo. Pub. Safety*, 4:21-cv-691 JCH (E.D. Mo.); *Phillips v. Wal-Mart*, 4:20-cv-1276 SNLJ (E.D. Mo.).

Appeal from the Court of Appeals for Veterans Claims may be taken to the Court of Appeals for the Federal Circuit.  38 U.S.C. § 7292; *see also Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992).

Courts have consistently held that the VJRA created "an exclusive review procedure by which veterans may resolve their disagreements with the VA."  *Mehrkens v. Blank*, 2007 WL 2247576, *4 (D. Minn. Aug. 2, 2007) (citing *Hicks*, 961 F.2d at 1369); *see also Weathermon v. Disabled Am. Veterans*, 15 F. Supp. 2d 940, 942–42 (D. Neb. 1998).  Plaintiff cannot avoid this jurisdictional bar "by couching his claims in terms of constitutional or tort law claims.  "The VJRA applies to '*all* questions of law and fact' as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'"  *Mehrkens*, 2007 WL 2247576 at *4 (quoting 38 U.S.C. § 511(a)).

Plaintiff's alleged due process challenge is essentially a challenge to his benefits determination on a constitutional basis.  As a challenge to a benefits decision, it falls within the ambit of 38 U.S.C. § 511 and is not reviewable other than by the procedures set forth in Chapter 72 of Title 38.  *Hicks*, 961 F.2d at 1370.  For this reason, the Court lacks subject matter jurisdiction to review plaintiff's case and dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees or costs [ECF Nos. 2 and 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for lack of jurisdiction.  28 U.S.C. § 1915(e)(2)(B).  An order of dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

Dated this 15th day of October 2021.

_SL R. CL_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE